# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1785V

|  |  |
|---|---|
| DANIEL JANOSIK, Legal Representative of the ESTATE of ELVA JANOSIK,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br><br>Filed: November 15, 2023 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Kimberly Shubert Davey, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On December 6, 2022, Daniel Janosik ("Petitioner"), as legal representative of the estate of Elva Janosik, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that Ms. Janosik developed Guillain-Barré syndrome ("GBS") as the result of an influenza ("flu") vaccine administered to her on October 26, 2020, and that her death on December 17, 2020, is vaccine-related. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On November 13, 2023, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that this claim asserts that Ms. Janosik's death is due to GBS, which is an injury contained in the Vaccine Injury Table for the flu vaccine, and her records establish the requirements set forth in the Qualifications and Aids to Interpretation ("QAI") for a flu/GBS Table injury. *Id.* at 5 (citing 42 C.F.R. §§ 100.3(XIV)(D), (c)(15). Respondent further states that given that these requirements are satisfied, and there is no alternative cause that explains Ms. Janosik's condition or death, Petitioner is entitled to compensation under the Vaccine Act. *Id.* at 6.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master